**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4440**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LARRY ROBERT JACKSON,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Thomas E. Johnston, District Judge.  (5:08-cr-00132-1)

───────────

Submitted:  April 30, 2010              Decided:  June 7, 2010

───────────

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, R. Booth Goodwin II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Robert Jackson pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343 (2006). The district court sentenced Jackson to twenty-four months in prison and ordered him to pay restitution of $29,078. Jackson appeals, raising two issues. First, he claims the district court erred by imposing a two-level sentencing enhancement for obstruction of justice; second, he argues that $2400 of the $29,078 in restitution should not have been awarded. We affirm.

This case revolved around a fraudulent business transaction. Jackson, a West Virginia resident, agreed to trade four bulldozers to Industrial Buckets, a Mexican company, for an excavator and $36,500. Jackson received the excavator, which he then traded to a man named Jeff Cooley for a used excavator and $17,500. Jackson, however, never owned or possessed the four bulldozers he promised to Industrial Buckets. Subsequently, Cooley purchased the Industrial Buckets excavator for $45,000, some $11,000 less than Industrial Buckets claimed the machine was worth.

In the course of the investigation, West Virginia State Police Sergeant T.C. Bledsoe interviewed Jackson. The same evening as the interview, Jackson threatened to commit suicide and was taken to the hospital. In a hospital waiting room, Jackson told Christy Stanley, an emergency medical

2

technician, "Before I go to the state pen and be charged with these charges, I will shoot Sergeant Bledsoe in the head and kill him, and then I'll shoot myself and I won't even have to go." Based on this threat, the probation officer recommended in the presentence report a two-level adjustment for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (2008). The probation officer also recommended restitution of $20,778 to Jeff Cooley and $16,900 to Industrial Buckets. Industrial Buckets' claimed loss of $16,900 included $11,000 that Industrial Buckets said it lost when it resold the excavator to Cooley, as well as $2400 for shipping the excavator to Jackson, $2000 in travel expenses, and $1500 for lost work hours.

At sentencing, the Government called Stanley as a witness, and she testified about the above threat to Bledsoe. Over Jackson's objection, the district court applied the adjustment for obstruction of justice. The district court also ordered total restitution of $29,078, reducing Industrial Buckets claim from $16,900 to $8300. The district court arrived at $8300 by denying Industrial Buckets' $11,000 resale loss, but awarding the company $2400 in shipping costs, which reflected

the amount it would have cost the company to return the excavator to Mexico.[*]

The sentencing guidelines provide for a two-level adjustment to a defendant's offense level if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense." USSG § 3C1.1. Obstructive conduct within the meaning of § 3C1.1 includes, but is not limited to, "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." Id., cmt. n.4(a). Whether a defendant obstructed justice is a factual question reviewed for clear error. United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004). This deferential standard of review requires reversal only if the court is "'left with the definite and firm conviction that a mistake has been committed.'" United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).

---

[*] The district court assumed the return freight would have been the same as the cost to have the excavator shipped to West Virginia.

4

On appeal, Jackson argues that the district court erred by imposing the obstruction of justice adjustment because Stanley's uncorroborated testimony was insufficient evidence that Jackson made the threat. Jackson further argues that, even if he did make the threat, it did not warrant the adjustment given his fragile mental state at the time it was allegedly made. We have reviewed the facts of this case and find the district court did not clearly err in imposing the sentencing enhancement. The district court found Stanley's testimony credible, and this court defers to the district court's credibility determinations. United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009). The record thus reflects that Jackson made a threat to kill Bledsoe and that Jackson made the threat to a person who would likely convey it to Bledsoe. Accordingly, there was sufficient evidence to support the conclusion that Jackson attempted to impede the investigation and prosecution of his offense.

A district court's order of restitution is reviewed for abuse of discretion. United States v. Henoud, 81 F.3d 484, 487 (4th Cir. 1996). By definition, a court abuses its discretion when it makes an error of law. EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405 (4th Cir. 2005). Under the Victim and Witness Protection Act ("VWPA"), the district court may order a defendant to pay restitution to any victim of an

offense of conviction. See 18 U.S.C.A. § 3663(a)(1)(A) (West Supp. 2009); United States v. Blake, 81 F.3d 498, 506 (4th Cir. 1996) (authority of district court to order restitution is limited to terms of VWPA). The district court's restitution order shall require the defendant to return the victim's property or pay the victim for the property's loss in value. See 18 U.S.C. § 3663A(b)(1) (2006).

Jackson argues that the district court erred in awarding Industrial Buckets $2400 because the company did not actually transport its excavator back to Mexico. We find the district court did not abuse its discretion in ordering the $2400 in restitution. Industrial Buckets essentially had two choices: reclaim the excavator from West Virginia or resell it. The district court assessed Jackson $2400, the cost of reclaiming the excavator, because Industrial Buckets' decision to sell it at a loss may have been influenced by business considerations not directly attributable to Jackson's crime. We find no abuse of discretion.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED